UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14007-Cannon/McCabe

MARCUS L. TAYLOR,

    Plaintiff,

v.

DUSTIN CAMPBELL,

    Defendant.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Defendant's Motion for Judgment on the Pleadings ("Motion") (DE 45), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 50). For the reasons set forth below, the undersigned respectfully **RECOMMENDS** that the Motion (DE 45) be **GRANTED IN PART.**

**I.    BACKGROUND**

This is a pro se civil rights suit pursuant to 42 U.S.C. § 1983, filed against a detective of the Highlands County Sheriff's Office (hereafter "Detective"). Because this suit involves several underlying state court proceedings, the Court has taken judicial notice, by way of a separate Order (DE 55), of numerous state court records referred to throughout this Report and Recommendation. *See United States v. Almonte*, No. 18-CV-22792-KMW, 2020 WL 13612722, at *3 (S.D. Fla. Apr. 23, 2020) (noting that courts may take judicial notice in ruling on a motion for judgment on the pleadings); *see also* Fed. R. Evid. 201.

Specifically, the Court has taken judicial notice of certain court filings from the following cases formerly pending in the Circuit Court for the Tenth Judicial Circuit in and for Highlands County, Florida:

- *State v. Taylor*, Case No. 2019-CF-000699 (the "699 Case"),
- *State v. Taylor*, Case No. 2019-CF-000701 (the "701 Case"), and
- *State v. Taylor*, Case No. 2010-CF-001160 (the "VOP Case").

To the extent the parties wish to object to judicial notice, they may do so as set forth in Section IV of this Report and Recommendation. *See Paez v. Sec. Fla. Dep't of Corrs.*, 947 F.3d 649, 651-53 (11th Cir. 2020) (finding no error where court took judicial notice of state court records in a pro se § 2254 petition, given that parties received notice and opportunity to object via objections to Magistrate Judge's Report and Recommendation).

### A.  Plaintiff's Underlying Conviction and Subsequent Arrest Warrants

On December 6, 2012, Plaintiff pled guilty to, and was adjudicated guilty of, robbery with deadly weapon (DE 55-3, DE 55-4). As a result of this adjudication, Plaintiff received a sentence that included a term of probation (DE 55-3, DE 55-5, DE 55-6, DE 55-7). At all times material to this case, Plaintiff was on probation for this underlying robbery offense.

On July 2, 2019, Detective swore out two separate arrest warrants against Plaintiff. The first warrant alleged that Plaintiff participated in a controlled drug transaction with a confidential informant ("CI") in or around February 2019 (DE 55-14). The second warrant alleged that Plaintiff participated in another controlled drug transaction with a CI within six months of the warrant application (DE 55-22). A state court judge signed both warrants on July 9, 2019 (DE 55-19, DE 55-17).

### B. The July 11th Arrest

Thereafter, on July 11, 2019, law enforcement arrested Plaintiff on the two outstanding warrants (DE 55-19, DE 55-17, DE 55-1, DE 55-2). As a result of the arrest, the State Attorney for the Tenth Judicial Circuit (hereafter "State") filed two felony cases against Plaintiff (the 699 Case and the 701 Case), each alleging various drug-related charges stemming from the respective controlled drug purchases (DE 55-20, DE 55-15).

Next, the State of Florida Department of Corrections ("DOC") applied for and obtained an arrest warrant signed on July 18, 2019, alleging that Plaintiff violated his probation in the underlying robbery case (DE 55-13, DE 55-3). Specifically, the warrant alleged that Plaintiff violated his probation by committing the drug offenses charged in the 699 Case and the 701 Case:

> **Violation of Condition (5) of the Order of Probation**, by failing to live without violating any law by committing the criminal offenses [charged] … for [the 701 Case] and the criminal offenses [charged] … for [the 699 Case] in Highlands County Florida ….

(DE 55-13).

Together, the three cases proceeded simultaneously for approximately two years. On December 14, 2021, however, the State voluntarily dismissed both the 699 Case and the 701 Case because the CI died (DE 55-21, DE 55-16). The VOP Case, meanwhile, pressed forward.

### C. The VOP Final Hearing

The VOP Case came to a final hearing in February 2022 (DE 55-8). During the hearing, a state court judge heard from multiple witnesses, including Plaintiff himself and Detective (DE 55-8 at 40-100, 177-195). Plaintiff testified in his own defense, denying he had taken part in either of the controlled drug transactions that Detective alleged had been committed by way of the arrest warrant affidavits (DE 55-8 at 182-188).

3

After hearing the evidence, which included videos of the controlled drug purchases, the state judge made a detailed ruling from the bench (DE 55-8 at 204-211). The judge first noted that the State had divided its evidence into two different drug deals, one occurring on February 15, 2019 (originally charged in the 699 Case), and the other occurring on February 13, 2019 (originally charged in the 701 Case) (DE 55-8 at 210, DE 55-15, DE 55-20). The judge divided his ruling into two parts and found that the State met its burden as to both the February 15 and February 13 drug transactions (DE 55-8 at 209-10). The state court summarized as follows:

> The court is convinced, also again using the competent substantial evidence standard that the court is required to use at this time, that in fact Mr. Taylor conducted both of these transactions. Hence, I will find him to be in violation of his probation ….

(DE 55-8 at 209-10).

On February 23, 2022, the state judge entered a written Order of Revocation of Probation (DE 55-18, DE 55-9). Later, on May 24, 2022, the judge sentenced Plaintiff to a twenty-five-year term of imprisonment (DE 55-10). Later still, in August 2022, Plaintiff filed a belated appeal, which remains pending before Florida's Sixth District Court of Appeal (DE 55-11, DE 55-12). According to state court records, Plaintiff's belated appeal has not yet been resolved as of the date of this Report and Recommendation (DE 55-3).

### D.     The Instant Case

In the meantime, on January 5, 2022, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 (DE 1). The operative Complaint alleges that Detective falsified statements under oath to obtain the arrest warrants in the 699 Case and the 701 Case (DE 6 at 2). Plaintiff alleges that, but for Detective's false statements, he would not have been found in violation of his probation (DE 6 at 2). The Court has construed the Complaint as asserting a claim of malicious prosecution in

4

violation of the Fourth Amendment (DE 7 at 3).  This Motion followed pursuant to Federal Rule of Civil Procedure 12(c) (DE 45).

## II.     LEGAL STANDARD

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Such motions can be granted only when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001).  "When reviewing judgment on the pleadings, [courts] must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party."  *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

## III.    DISCUSSION

The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), governs the outcome of this case.  There, the Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Id.* at 486–87.  Put another way, "if judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the court must dismiss the claim unless the underlying conviction or sentence has already been invalidated or called into question.  *Id*. at 487; *see also Dyer v. Lee*, 488 F.3d 876, 884 (11th Cir. 2007) ("[F]or *Heck* to apply, it must be the case that a

successful § 1983 suit and the underlying conviction [or imprisonment] be logically contradictory.").

Here, Plaintiff seeks to prove a Fourth Amendment malicious prosecution claim by showing that Detective made false statements in the two arrest warrant affidavits that led to the revocation of Plaintiff's probation. If Plaintiff were to succeed on this claim, the result would be contradictory to, and would undermine the validity of, the result already obtained in the VOP Case. In particular, in the VOP Case, a state court judge already found that Plaintiff – in fact – committed the very conduct that the Detective alleged Plaintiff committed in the two arrest warrant affidavits.

Under these circumstances, Plaintiff cannot bring a viable § 1983 malicious prosecution claim unless he first shows that the VOP Case has been reversed on appeal, declared invalid, or otherwise called into question by a tribunal authorized to make such determinations. *See Cobb v. Fla.*, 293 F. App'x 708, 709 (11th Cir. 2008) (affirming district court's application of *Heck* to a revocation of probation). The undisputed facts show that Plaintiff is currently attempting to accomplish this by way of a belated appeal to Florida's Sixth District Court of Appeal (DE 55-11, DE 55-12). As of the time of this Report and Recommendation, Plaintiff's appeal remains pending and has not been resolved (DE 55-3).

The Court is reluctant to enter judgment against Plaintiff under these circumstances, as to do so might have a preclusive effect. Rather, the Court finds the more appropriate course to be dismissal without prejudice. In *Rodriguez v. Maxwell*, No. 2021 WL 1131592 (S.D. Fla., Jan. 28, 2021), the court faced a similar procedural posture where a plaintiff brought a *Bivens*[1] action, even though his underlying conviction had not yet been vacated. The *Rodriguez* court deemed the claim

---

[1] *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1999).

6

"unripe" because "a civil rights action 'for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.'" *Id.* (citing *Peterson v. Overstreet*, 819 F. App'x 778, 780 (11th Cir. 2020); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("[A]s *Heck* teaches, such damages claims do not accrue until the plaintiff's conviction or sentence has been invalidated; the statute of limitations will not run on § 1983 … claims while the plaintiff exhausts state or federal remedies.").

Given that the *Bivens* claim had not yet ripened, the *Rodriguez* court dismissed the case without prejudice. *Id.* The same logic applies here. Plaintiff has no viable § 1983 claim until he succeeds on the merits of his pending state court appeal or the result of the VOP Case has been otherwise called into question by a competent authority. If and when this happens, Plaintiff may be entitled to bring a § 1983 action to seek damages based on the Detective's allegedly false statements in the two arrest warrant applications. Until then, however, this case should be dismissed without prejudice.

### IV.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that the Motion (DE 45) be **GRANTED IN PART** and that the case be **DISMISSED WITHOUT PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation

and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 27th day of April 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

cc: counsel of record; Plaintiff, *pro se*.