UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14007-CIV-CANNON/MCCABE

**MARCUS L. TAYLOR,**

    Plaintiff,

v.

**DUSTIN CAMPBELL,**

    Defendant.
_____/

ORDER ACCEPTING REPORT AND
RECOMMENDATION [ECF No. 56] AND CLOSING CASE

**THIS CAUSE** comes before the Court upon the Report and Recommendation issued by Magistrate Judge Ryon M. McCabe on April 27, 2023 [ECF No. 56].  On February 9, 2023, Defendant Dustin Campbell filed a Motion for Judgment on the Pleadings seeking dismissal with prejudice of Plaintiff's Amended Complaint [ECF No. 45].  On March 24, 2023, this Court referred Defendant's Motion to Magistrate Judge McCabe for a Report and Recommendation [ECF No. 50].  Plaintiff filed untimely Objections to the Report [ECF No. 60], which the Court in its discretion elects to consider in this instance.  Upon full review, and for the reasons stated in the Report along with an update on Plaintiff's state-court proceeding as indicated herein, the Court **ACCEPTS** the Report [ECF No. 56].  Defendant's Motion [ECF No. 45] is **GRANTED IN PART**, and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

\*\*\*

A district court may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  Those portions of the report and recommendation to which objections are made are accorded *de novo* review if those objections "pinpoint the specific

findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which no specific objections are made are reviewed only for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) ("Most circuits agree that in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

\*\*\*

As the Report indicates, this case is governed by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to that decision, "in order to recover damages for [an] allegedly unconstitutional conviction . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. In other words, a civil rights action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated, regardless of the nature of the relief sought or the target of the suit. *See Wilkinson v. Dotson*, 544 U.S. 74, 81−82 (2005).

Plaintiff appears to argue that he can overcome the *Heck* bar [*see* ECF No. 60 pp. 9–10], but his objection merely rehashes his position that he was a victim of malicious prosecution, and the state court records (of which this Court and the Report take judicial notice) confirm that no invalidation of his conviction has taken place within the meaning of *Heck*. Plaintiff filed a belated

appeal to Florida's Sixth District Court of Appeal, which resulted recently in a remand to the Highlands County Circuit Court for an evidentiary hearing limited to the question whether Plaintiff communicated to his trial counsel that he wanted to appeal his judgment and sentence rendered in the VOP case. *See State v. Taylor*, Case No. 2010-CF-001160, Order of Limited Remand (Fla. Dist. Ct. Apr. 19, 2023). Plaintiff's case thus remains pending in the state system; there has been no reversal on direct appeal, no order of expungement by executive order, no declaration of invalidity by a competent state tribunal, and no federal case questioning the validity of his state conviction. *Heck*, 512 U.S. at 487.

Therefore, after conducting a *de novo* review of the Report and the record, the Court agrees with Magistrate Judge McCabe's recommendation to dismiss Plaintiff's Amended Complaint without prejudice under *Heck*.[1] *See Petersen v. Overstreet*, 819 F. App'x 778, 779 (11th Cir. 2020) ("[C]ases barred by *Heck* . . . are typically dismissed without prejudice . . . ."); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("Because [plaintiff's] convictions have not been invalidated, his *Bivens* damages claims are not ripe. Therefore, the district court did not err in dismissing [plaintiff's] claims.").

***

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Court **ACCEPTS** Magistrate Judge McCabe's recommendation [ECF No. 56] to **DISMISS** the Amended Complaint without prejudice under *Heck*.

---

[1] This determination should come as no surprise to Plaintiff, as the malicious prosecution claim he raises here has been dismissed under *Heck* in at least two other cases. *See Taylor v. Campbell*, 21-CV-14228, ECF No. 11 pp. 5–7 (S.D. Fla. July 1, 2021); *Taylor v. Castillo*, 22-CV-14118, ECF No. 13 p. 5 (S.D. Fla. May 6, 2022).

CASE NO. 22-14007-CIV-CANNON/McCabe

2. Defendant's Motion for Judgment on the Pleadings [ECF No. 45] is **GRANTED IN PART** in accordance with this Order.

3. The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 24th day of May 2023.

AILEEN M. CANNON
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record

**Marcus L. Taylor**
H32532
Hamilton Correctional Institution-Annex
Inmate Mail/Parcels
10650 S.W. 46th Street
Jasper, Florida 32052
PRO SE

4